By the Court,
McCunn, J.
The inconsistency of the prayers for relief - and the mixture of different and separate causes of action in the complaint in this case is not only bad pleading,, but very embarrassing.
1. It asks for a judgment for $1187.49.
*639 2. It asks for a judgment for one half of the profits" on the enterprise, without any prayer for accounting.
3. That the assignment by the defendants, Grove & Kohl, to Barmore be set aside as fraudulent and void, and for an injunction and receiver; and
4. For a judgment in behalf of the owners and holders of the bills of exchange, strangers to the action, and mere creditors of the two firms of Davis & Toscano and William Grove & Co.
Under the first and second prayer in the complaint if the plaintiffs made out a case of ordinary indebtedness at common law, and their accounts had been adjusted, they would be entitled to judgment for the amount proved; but in that event, they are certainly not entitled to an injunction or receiver until after judgment.
To the third prayer, for a judgment setting aside the assignment, the answer is that they cannot, in this action and before judgment, obtain such relief.
To the fourth prayer, my view is that the holders of these bills of exchange are mere creditors of the two firms of Davis & Toscano as drawers, and William Grove & Co. as acceptors, and cannot be joined in this action;. they having purchased said bills on the strength of the makers’ and drawers' names without reference to these shipments, are mere creditors and must seek separate remedies.
It cannot be pretended or maintained that in such a case as this any number of creditors can join in one action and prosecute separate claims in that suit against a debtor (unless all the claims be assigned to the plaintiff;) besides, the Code provides that actions must be prosecuted in the name of the real parties in interest.
If these drafts had been drawn and accepted, and the consignments had been made to meet the same, then, perhaps, the rule in the case of Scheldt v. Sturges, Shaw & Co. would have held good, and the holders of the drafts could have enjoined the disposition of the sugars, and the court would have decreed a liquidation of said bills of exchange out of the pro *640 ceeds thereof; but-so far from this being the case, the drafts were drawn by the makers, and accepted by-the acceptors, and disposed of in the market to third parties, on the strength of the drawers’ and acceptors’ names, without the slightest regard or reference to these shipments. Indeed, the drafts were sold (as appears by the schedule annexed to the case,) and on their way to maturity, before the shipments of sugars were purchased in Cuba.
If the adventure of these sugars had been brought to a final close, and the amount ascertained, or an account had been stated between the plaintiffs and defendants, then an action for a money demand on contract for the over advance and profits, if any were found due, would lie, but in that event they would be entitled to neither an injunction nor receiver.
If, instead of an action in this form, a complaint had been filed, alleging this to be a partnership transaction; that the credit of both parties was involved; that the joint names and credit of the two firms, Davis & Toscano, and William drove & Co., the one as drawers of the bills, and the others as acceptors, were the means by which they procured the moneys that bought these sugars ; that the same were bought on joint account as partners in this transaction; that a large amount of the sugars and the proceeds thereof were on hand; and that a joint indebtedness was outstanding, a proper remedy would have been obtained.
The next question to be considered is, can the complaint in the action as it now stands be viewed in such a light as to • afford the plaintiffs relief, by way of injunction and receiver, and for an accounting as partners in this transaction ?
No allegation in the complaint warrants the granting of this kind of relief, unless the allegations “to transact business on joint account,” “and that the profits upon such shipments after deducting all charges will amount to at least the sum of $20,000, and that half of said profits absolutely belong to said plaintiffs, and the last portion of the final prayer, for such further relief as may seem proper to this court, and as the nature of the case may require,” can be so construed.
*641 It is admitted on the part of the plaintiffs and defendants, that this was a joint partnership transaction, and although the complaint in the case is very inartistically drawn', yet the relief, which the court may grant, under section 375 of the Code (taking into consideration the allegations of the complaint just quoted) may not he inconsistent with the allegations contained in the complaint.
The case of Marquat v. Marquat, (2 Kernan, 336,) justifies such a construction of the complaint in this action. In that case the defendants, as husband and wife, borrowed money from the plaintiff, to enable them in part to purchase certain lands, and agreed to give a mortgage, to secure the money so borrowed, on the wife’s real estate, it being the property for which the money was paid. The complaint, after setting up these facts, besides demanding judgment “that the defendants for the purpose of carrying the said agreement, execute a mortgage upon the real estate of the wife, asked for such further relief as the court should deem proper.” And the court held that they might give judgment against the husband for the amount borrowed under the ordinary money counts, although it dismissed the action as to the wife.
On the whole, the complaint in this case is broad enough to enable the plaintiffs to obtain their relief, and the receivership in the case ought to have extended to all partnership assets in the hands of the assignee Barmore, and the injunction order should have covered all such assets. In order to ascertain the amount of such assets, there should be a reference to ascertain the same, unless the amount can be agreed upon. No costs are allowed on the appeal to either party.
Order modified accordingly.